UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LEVI FAISON, <br><br>Plaintiff, <br><br>v. <br><br>CLIVE DAVIS, et al., <br><br>Defendants. | Case No. 20-cv-02792-JST <br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Calhoun Correctional Institution in Blountstown, Florida has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

This action will be dismissed for lack of venue. Plaintiff is incarcerated in Florida. He has named as defendants individuals who do not reside in the Northern District of California. According to the complaint, defendants Clive Davis, Jane Doe clerk of records for the Los Angeles Recording School, John Doe deputy clerk and secretary for the Los Angeles Recording School appear to reside in Los Angeles, and defendants Joyce Street Sims and Valorie Simpson reside in Florida. Plaintiff alleges that (1) he is under imminent danger of serious physical injury pursuant to the Seventh Amendment,[1] (2) defendants violated 17 U.S.C. § 101,[2] and (3) that this action is "provided of the (4th)(5th)(14th) and (7th) U.S. Constitution amendment via Fed. R. Evid. 401(a)(b)." ECF No. 1 at 3-4. Plaintiff does not explain how defendants violated his constitutional or statutory rights. *See generally* ECF No. 1

In relevant part, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). No defendant is alleged to reside in, and none of the events or

---

[1] The Seventh Amendment codifies the right to a jury trial in certain civil cases. U. S. Const. amend. VII.
[2] 17 U.S.C. § 101 sets forth definitions for the terms used in the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

omissions giving rise to the complaint occurred in, the Northern District of California.  Venue therefore is not proper in this district.  *See* 28 U.S.C. § 1391(b).  Because it is unclear where venue lies for this action, the Court will dismiss this case instead of transferring it.

Accordingly, this action is DISMISSED for lack of venue.  Plaintiff may re-file this action in the appropriate venue.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED for lack of venue.  The Clerk shall enter judgment in favor of defendants and against plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated:  September 3, 2020



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3